COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:  Ignacio Leal v. The State of Texas

Appellate case number:  01-14-00487-CR

Trial court case number:  1353405

Trial court:  263rd District Court of Harris County

Appellee, The State of Texas, has filed a "Motion to Seal Appellant's Brief" in the above-referenced appeal "due to the sensitive nature of this record, specifically the disclosure of the name of a child victim of sexual assault under the age of 14," pursuant to Texas Code of Criminal Procedure articles 57.01–.03. *See* TEX. CODE CRIM. PROC. ANN. arts. 57.01–.03 (Vernon 2006 & Supp. 2014).

Article 57.02 provides directives to law enforcement agencies regarding the protection of confidential information pertaining to a complainant who elects to be designated by a pseudonym. *Id.* art. 57.02. "An attorney for the State who receives notice that a victim has elected to be designated by a pseudonym shall ensure that the victim is designated by the pseudonym in all legal proceedings concerning the offense." *Id.* art. 57.02(f). And, except as required or permitted by other law or by court order, identifying information pertaining to a complainant younger than 17 years of age may not be disclosed. *Id.* art. 57.02(h). Appellee has not established that articles 57.01–.03 authorize this Court to "seal appellant's brief."

However, because appellant, in his brief, discloses the full name of the complainant, who was under 17 years of age at the time of the offense was committed, his brief does not comply with Texas Rule of Appellate Procedure 9.10. *See* TEX. R. APP. P. 9.10 (requiring redaction of sensitive data, as defined).

Accordingly, the Clerk of this Court is directed to **strike** appellant's brief. *See* TEX. R. APP. P. 9.4(k), 38.9(a). Appellant is ordered to file a brief conforming with Rule of Appellate Procedure 9.10, **within fifteen days of the date of this order**. Appellant is instructed that the only change that he may make to his brief in response to this order is to correct the brief so that it complies with rule 9.10. Appellant may not make any substantive changes to the brief. Appellee's brief has been filed. We **dismiss** as moot appellee's motion to seal appellant's brief.

It is so ORDERED.


Judge's signature: ___/s/ Terry Jennings
⊠ Acting individually    ☐ Acting for the Court


Date: December 2, 2014